No. 10873

PINSON v. ANDERSON *ET AL.*

(111 S. E. 896)

TRIAL—STRIKING OUT CHARGE AFTER MAKING IT HELD REVERSIBLE ERROR.
—In an action on a contract whereby defendants employed
plaintiff to sell their lands at auction under an agreement that
if defendants refused to confirm sale they would pay plaintiff
fifty per cent. of the expenses thereof in which it was shown that
the sale did not bring the agreed upset price and was called off,
and the defense was that defendants were not requested to
confirm the sale, the action of the Court in striking out an in-
struction that the law does not require a man to do a useless
thing was reversible error, in that the jury may have thought that
plaintiff was bound to demand of defendants that they comply
with the bids that had been made before he could claim any part
of the expense money.

Before FEATHERSTONE, J., County Court, Greenwood,
May, 1921.   Reversed.

Action by J. L. Pinson, trading as Southeastern Realty
Co. against W. H. Anderson and O. R. Rudisill.   Judg-
ment for defendants and plaintiff appeals.

The alleged contract directed to be reported is as fol-
lows:

AGREEMENT TO SELL.

"The undersigned owner hereby places with South-
eastern Realty Company, hereinafter referred to as Com-
pany, the following described lands in Greenwod County,
State of S. C.:   All that tract or parcel of land situated in
above county and State and bounded by lands of W. J.
Moore, Mrs. Briggs, and C. & W. C. right of way, con-
taining 25 acres, more or less, being the identical tract as
survey of R. B. Cheatham, April, 1920.

"The company is authorized to cut the same into such
parcels as it deems proper and offer the same for sale at
auction or otherwise.   The purchase price fixed for the
whole is eight thousand and no/100, plus actual expense
sale and preparing land,                dollars.   If a sale

of the whole is made to one or more purchasers, the owner will make and execute to the purchaser or purchasers good marketable titles in fee, freed from liens and encumbrances, and will carry two-thirds dollars of the purchase price on purchase money-mortgage bearing 7 per cent. interest for one and two years; balance to be paid in cash. Possession will be given in immediately after contract of sale and when same has been complied with.

"The owner will pay company no per cent. of purchase price for its services and fifty per cent. of amount in excess of $8,000.00 after adding amount equal to actual expenses and preparing land for sale, cutting streets, etc.

"The owner reserves the right to withdraw lands from sale by paying company all expenses incurred and no per cent. commission on purchase price above named.

"The owner will pay company no per cent. commission and fifty per cent. of all expenses incurred if a sale is made by owner or owner refuses to confirm sale.

"This contract is exclusive and is to terminate on the 1st day of May, 1920.

"Witness my hand and seal this 29th day of April, 1920.

"————————, Owner. [L. S.]

"Witness:

"————————.

"————————."

A blank probate form on the bottom of the contract not filled in is omitted.

*Messrs. Tillman, Mays & Featherstone* for appellant.

*Messrs. Grier, Park & Nicholson* for respondents.

April 18, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondents, Anderson and Rudisil, bought a tract of land and employed the appellant to resell it for them.

The parties met and wrote out a contract. While the contract was not signed, both respondents admit in evidence that the written contract expressed the agreement between them. They differed in their construction of the contract. The answer denies the plaintiff's construction of the contract. The complaint alleges that the plaintiff incurred expense in preparation for the sale to the amount of $1,076.76, and that the defendants owed them one-half thereof, to wit, $486.38. The defendant also denied the expense account. The defendants demurred to the complaint, setting up the statute of frauds. The plaintiff demurred to the plea of the statute of frauds. When the plaintiff called up his demurrer, the presiding Judge said, "Go ahead; I will pass on it later." His Honor did not pass on the demurrer. The jury found for the defendants.

It seems that there was an upset price of $8,000. Before the sale was completed, the bidding stopped, and it was evident that the upset price could not be secured, and the sale was called off. One of the defendants said, "The sale called itself off."

There is a clause in the so-called contract that reads (let the whole be reported):

"The owner will pay company [plaintiff] no per cent. commission and fifty per cent. of all expenses incurred if a sale is made by the owner, *or owner refuses to confirm sale.*"

The defendants say we were not requested to confirm a sale, and therefore we are not liable. The plaintiff claims that it would have been useless to demand of the defendants compliance when the price bid was not sufficient, and the plaintiff is not required by the law to do a useless thing.

The defendant Anderson testified:

Q. At the size of the bids made out there it would have been foolish to ask you to confirm them?

A. At the price. Yes, sir.

Q. Pinson knew that you wouldn't accept them?

A. Yes, sir.

Q. You agreed to call off the sale?

A. I guess that we agreed.  I told you once that they quit bidding.

Q. It would have been foolish to have gone on with the sale?

A. Yes, sir.  If they had offered me $8,000 they would have gotten the land.

At first his Honor charged the jury, "I charge you that the law does not require a man to do a useless thing," and then said, "Strike it out."  There are two exceptions, but only one question is raised.  The striking out of the charge, after making it, was error, in that the jury may have thought that the plaintiff was bound to demand of the defendants that they comply with the bids that had been made before they could claim any part of the expense money.

The judgment is reversed.

Mr. Justice Watts concurs.

Mr. Justice Cothran: I concur in the reversal of this judgment as indicated in the opinion of Mr. Justice Fraser, but by a somewhat different course of reasoning.

Action upon a contract under which the plaintiff, as a real estate broker, undertook to subdivide and sell at auction a tract of land which belonged to the defendants. The plaintiff at an expense of $1,076.76, put on the sale with a brass band and barbecue accompaniment, but the bids offered were not satisfactory, not attaining the upset price agreed upon of $8,000, and by agreement with the owners the sale was called off.  The plaintiff sued the defendants for one-half of the $1,076.76 expenses, $538.38, less a credit of $52, $486.38, and bases his claim upon his construction of the contract, that if the sale did not realize the upset price the defendants would share the expenses with him.

The parties made a verbal agreement covering their several engagements, and reduced it to writing, which, however, by inadvertence was not executed prior to the auction sale. Both, however, agree that the unsigned paper correctly represented the terms of their agreement. We may treat it therefore as if it had been signed, for the purposes of this action, and construe it accordingly.

The contract means: (1) That the land should not be sold for less than what would net the defendants $8,000; (2) that the compensation of the plaintiff should be ascertained by and limited to this scheme: From the gross amount of sales deduct the upset price of $8,000, plus the expenses, and divide the net profits equally between the plaintiff and the defendants; (3) that if before the sale the defendants should withdraw the land from sale, which they reserved the right to do, they would pay all expenses incurred; (4) that if the defendants should themselves make a sale of the land, they should pay the plaintiff one-half of the expenses incurred; (5) that if after the sale had been made by the plaintiff the defendants would refuse to confirm the sale, they should pay to the plaintiff one-half of the expenses incurred.

The stipulations 2, 3, and 4 may be eliminated, as the contingencies therein provided for did not occur. The controversy is determinable by the construction of stipulation 5; the agreement by the owners to pay one-half of the expenses in the event that they should refuse to confirm the sale. Does that mean a refusal to confirm the sale in the event that it brings the upset price, plus expenses, or a refusal in the event that it does not? It is provided in stipulation 4, set forth above, that in the event that the sale brought the upset price, plus the expenses, the plaintiff should be reimbursed *all of the expenses,* and be entitled to one-half of the overplus. If stipulation 5 should be held to apply to a failure to confirm the sale under these circum-

stances, limiting the plaintiff simply to reimbursement of one-half of the expense, the plaintiff would be held to have surrendered his right under stipulation 4, not only to reimbursement of *all* the expense but to his share of the profits; a conclusion patently contrary to the intention of the parties. If the sale did not bring enough to meet the upset price the defendants had a perfect right to refuse to confirm it, and this is the only contingency to which stipulation 5 is reasonably applicable.

The trial Judge was in error in not construing the contract as above indicated, and in refusing to charge that the law does not require a man to do a useless thing, in connection with the request of the plaintiff that the plaintiff had a right to consider that the sale was not confirmed.

MR. CHIEF JUSTICE GARY dissents.